IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jameer Pratt,

                Petitioner,

     v.

United States of America,

                Respondent.

Case No. 3:23-CV-1494-JGC

**ORDER**

This is a petition for a writ of habeas corpus. *Pro se* petitioner Jameer Pratt filed this action under 28 U.S.C. § 2241, challenging his jail credit toward his federal sentence calculated by the Bureau of Prisons. (Doc. 1.).

Promptly after the filing of any habeas petition, I must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("[T]he district court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."); *see also* 28 U.S.C. § 2243.

I dismiss this Petition. The Petitioner filed a prior § 2241 petition in another federal court challenging the same Bureau of Prisons calculation of his jail time credit. That court has now reviewed the merits of his prior petition and issued a final decision denying him habeas relief. *Pratt v. Hemingway*, No. 22-12311, 2023 WL 5439207 (E.D. Mich. Aug. 23, 2023).

Under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." Thus, a court may decline to address a claim asserted in § 2241 petition if the claim has already been heard and decided by another federal court. *See Ingram v. Hemingway*, 2021 WL 640918 (E.D. Mich. Jan. 1, 2021) (citing cases).

Petitioner does not articulate a persuasive reason for me to review his claims given that another federal court has already considered and rejected his challenge to the BOP's calculation of his jail credit in his prior § 2241 petition.

I reach no decision regarding appealability. Under 28, U.S.C. § 2253, a certificate of appealability is necessary only from final orders (1) where the detention arose "out of process issued by State court" or (2) brought under 28 U.S.C. § 2255. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *see also* Fed. R. App. P. 22(b). Neither applies here.

It is, therefore, ORDERED THAT the Petition in this matter (Doc. 1) be, and the same hereby is, denied, and this action is dismissed.

SO ORDERED.

/s/ James G. Carr
Sr. U.S. District Judge

2